IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAMMAD ABEDI,

    Petitioner,                    No. CIV S-10-3184 DAD P

    vs.

GROUNDS, Warden,            <u>ORDER AND</u>

    Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis. In accordance with the court's December 22, 2010 order, petitioner has filed an amended petition.

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

1    Moreover, the United States Court of Appeals for the Ninth Circuit has held that a
2 district court may dismiss <u>sua sponte</u> a habeas petition on the grounds that it is barred by
3 applicable the statute of limitations so long as the court provides the petitioner adequate notice of
4 its intent to dismiss and an opportunity to respond.  See <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042
5 (9th Cir. 2001).  These findings and recommendations are intended to notify petitioner of the
6 court's intention to dismiss the instant petition because it is untimely under the Antiterrorism and
7 Effective Death Penalty Act ("AEDPA").  If petitioner desires to respond and demonstrate to the
8 court that he has filed this action within the applicable statute of limitations or is eligible for
9 tolling of the limitations period, he may do so by filing written objections to these findings and
10 recommendations.

**THE PETITION**

12    On November 20, 2010, petitioner commenced this action by filing a petition for
13 writ of habeas corpus.  On January 9, 2011, he filed an amended petition.  Therein, petitioner
14 challenges a prison rules violation report ("RVR") issued against him for engaging in mutual
15 combat.  Petitioner claims, <u>inter alia</u>, that there was no reliable evidence to support the finding of
16 prison officials that he was guilty of that disciplinary charge.  In terms of relief, petitioner seeks
17 dismissal of the RVR.  (Am. Pet. at 5-6 & 8.)

**ANALYSIS**

19 I. <u>The AEDPA Statute of Limitations</u>
20    On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244
21 by adding the following provision:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

26 /////

       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(D)

      The AEDPA one-year statute of limitations "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on parole board decisions). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the statute of limitations begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

      In this case, petitioner challenged the RVR at issue in this action by pursuing an administrative grievance through the inmate appeals process. According petitioner's exhibits, he

exhausted his administrative remedies on May 7, 2007, when he was denied relief at the highest level of administrative review. (Am. Pet. Attachs.) For purposes of federal habeas review, the court finds that March 7, 2007, the day petitioner received the response from the highest level of administrative review was the "date on which the factual predicate of the claim or claims presented could have been discovered." 28 U.S.C. § 2244(d)(1)(D). Based on this chronology, the statute of limitations for the filing of a federal habeas petition began to run on March 8, 2007, and expired one year later on March 7, 2008. Cf. Shelby, 391 F.3d at 1066 (limitation period began running day after petitioner received notice of denial of appeal); Redd, 343 F.3d at 1082 (same). However, petitioner did not file his original federal habeas petition in this action until November 20, 2010, more than two years after the statute of limitations for doing so had expired. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner filed three petitions for writ of habeas corpus challenging his prison RVR conviction for engaging in mutual combat. First, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. On December 11, 2007, the

Superior Court denied that petition as untimely.  Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  On March 5, 2009, the Court of Appeal summarily denied that petition.  Finally, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  On September 30, 2009, the California Supreme Court denied his petition as untimely.  (Am. Pet. Attachs.)

It is well established that when a state court determines that a postconviction petition is untimely, the petitioner is not entitled to statutory tolling of the AEDPA statute of limitations for the time the state petition in question was pending because it was not properly filed for purposes of § 2244(d)(2).  See Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408[, 414] (2005)); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (a state habeas corpus petition denied with citation to "the very page of Robbins that sets forth 'the basic analytical framework' governing California's timeliness determinations in habeas corpus proceedings" is a clear ruling that the state petition was untimely and therefore not properly filed).  Moreover, as noted above, in this case the California Supreme Court denied petitioner's final petition for writ of habeas corpus on September 30, 2009.  More than a year lapsed after that date before petitioner filed his original petition in this court on November 20, 2010. Statutory tolling of the AEDPA statute of limitations is not available when no habeas petition is pending in state court.  See Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006) ("The statute of limitations period is also not tolled after state post-conviction proceedings are final and before federal habeas proceedings are initiated."); Nino,183 F.3d at 1006.  Accordingly, even if petitioner's state habeas petitions been properly and timely filed, by the time petitioner filed his federal habeas petition the AEDPA statute of limitations had long since expired, rendering his federal petition time-barred.

**OTHER MATTERS**

Also pending before the court is petitioner's motion for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings.  See

Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In light of these findings and recommendations, the court does not find that the interests of justice would be served by the appointment of counsel.  Accordingly, the court will deny petitioner's motion.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's January 12, 2011 motion for appointment of counsel (Doc. No. 8) is denied; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (Doc. No. 1) be dismissed as barred by the statute of limitations; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2011.

DAD:9
abed3184.156

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE