IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAMMAD ABEDI,

    Petitioner,                    No. CIV S-10-3184 JAM DAD P

    vs.

GROUNDS, Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 24, 2011, respondent filed the pending motion to dismiss, arguing that the amended petition should be dismissed because the claims set forth therein are procedurally barred. Petitioner has filed an opposition to the motion.

**THE PETITION**

        On November 20, 2010, petitioner commenced this action by filing a petition for writ of habeas corpus. On January 9, 2011, he filed an amended petition. In his amended petition, petitioner challenges a prison rules violation report ("RVR") he received in 2005 for engaging in mutual combat. Petitioner claims, <u>inter alia</u>, that there was no reliable evidence to support the finding of prison officials that he was guilty of that prison disciplinary violation. In terms of relief, petitioner seeks dismissal of the RVR. (Am. Pet. at 5-6 & 8.)

1

**RESPONDENT'S MOTION TO DISMISS**

I. <u>Respondent's Motion</u>

Respondent moves to dismiss the pending petition, arguing that the claims set forth therein are procedurally barred.  Specifically, respondent argues that petitioner presented his claim that his disciplinary conviction was unsupported by "some evidence" to the California Supreme Court, but that court denied his petition as untimely and cited the decision in <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998).  Because the California Supreme Court denied the petition pursuant to an independent and adequate state law ground, respondent contends that this court must dismiss the pending petition.  (Resp't's Mot. to Dismiss at 5.)

II. <u>Petitioner's Opposition</u>

In opposition to respondent's motion to dismiss, petitioner argues only that federal courts must review the record to determine whether the state court clearly erred in its application of United States Supreme Court law.  (Petn'r's Opp'n to Resp't's Mot. to Dismiss at 2-3.)

**ANALYSIS**

"A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'"  <u>Walker v. Martin</u>, __ U.S. __, 131 S. Ct. 1120, 1127 (2011) (quoting <u>Beard v. Kindler</u>, 558 U.S. ___, ___, 130 S. Ct. 612, 615 (2009)).  <u>See</u> also <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991).  California's time limitation requiring the filing of petitions seeking habeas relief without "substantial delay" has now been found by the U.S. Supreme Court to be an "independent" and "adequate" state law ground for purposes of the procedural default rule.  <u>Walker</u>, 131 S. Ct. at 1128-30.[1]  <u>See</u> also <u>Alvarez v. Wong</u>, No. 09-

---

[1] In <u>Bennett v. Mueller</u>, 322 F.3d 573 (9th Cir. 2003) the court held that California's untimeliness rule was an independent procedural ground for disposing of a habeas claim under the procedural default rule but remanded the matter for a determination as to the adequacy of the untimeliness rule to support procedural default in that case.

15547, 2011 WL 1252307 (9th Cir. Apr. 5, 2011)[2] ("[t]he Supreme Court recently held that denial of habeas relief by the California Supreme Court on the ground that the application for relief was filed untimely was an independent an adequate state procedural ground requiring denial of a subsequent habeas petition in federal court . . . ."); Lee v. Almager, No. CV 08-3248-PA(E), 2011 WL 2882148 at *7-8 (C.D. Cal. June 7, 2011) (finding federal habeas corpus claim procedurally barred because the California Supreme Court had denied it with a citation to In re Robbins; "[t]he Walker Court rejected all arguments that California's timeliness rule was not firmly established and regularly followed"); Johnson v. Cullen, No. 3-98-cv-4043-SI, 2011 WL 2149313 (N.D. Cal. June 1, 2011) (finding the Walker holding directly applicable and striking all claims found to be untimely by California Supreme Court); Taylor v. McDonald, Civil No. 10-cv-0177 MMA(BGS), 2011 WL 3021838 at *8-9 (S.D. Cal. Mar. 7, 2011) (finding federal habeas corpus claims procedurally barred because "[t]he Supreme Court held California's untimeliness rule is 'adequate' for procedural default purposes when the petitioner subsequently presents for federal habeas relief the same claims that were rejected on untimeliness grounds in state court.").

Here, the California Supreme Court denied petitioner's application for writ of habeas corpus, citing the decision in In re Robbins, 18 Cal 4th at 880. (Am. Pet. Attach. at 12.) Petitioner has not alleged any facts to cast doubt on the adequacy or application of California's habeas time limitation rule in 2009. See Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003); Lee v. Almager, No. CV 08-3248-PA(E), 2011 WL 2882148 at *7 (C.D. Cal. June 7, 2011) (even assuming arguendo that the Bennett burden shifting scheme applies after the decision in Walker, petitioner had not met his interim burden of demonstrating the inadequacy of the California timeliness bar). Petitioner also failed to assert that the California Supreme Court exercised its discretion in a "surprising or unfair" manner or in a way that "discriminates against

---

[2] Citation to this unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

claims of federal rights" when it denied his state petition as untimely. See Walker, 131 S. Ct. at 1131. Finally, although petitioner can overcome a procedural default by demonstrating cause for the default or actual prejudice, he has asserted no such arguments in this case. Nor has petitioner demonstrated that this court's failure to consider his habeas claims will result in a fundamental miscarriage of justice. See Bennett, 322 F.3d at 580. Accordingly, the court concludes that federal habeas review of petitioner's claims is procedurally barred.[3]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 18) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

---

[3] The parties have also briefed the issues of whether the pending federal petition is timely and whether it states a cognizable claim for federal habeas corpus relief. In light of the recommendation set forth above, the court will not reach the merits of those arguments.

appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the Board), abrogated on other grounds in Swarthout v. Cooke, 562 U.S. ___ , 131 S. Ct. 859 (2011).

DATED: September 6, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
abed3184.157